Charlie Flentroy
2665 Prison Rd. #1
Lovelady, Texas 75851

57,861-07

Texas Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, TX 78711

FEB. 2015

This document contains some
pages that are of poor quality
at the time of imaging.

Re: In Re Charlie Flentroy

Please file the enclosed Writ of Mandamus
with this Court.

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 24 2015
Abel Acosta, Clerk

Cordial

Charlie Flentroy
Relator

Ex Parte Charlie Flentroy

IN THE
Court of Criminal Appeals

Affidavit of Inability To Pay Cost

I, Charlie Flentroy, Declare, Depose, and say I am the Relator in the above entitled case. In support of my inability to pay cost I attest to the following:

1. I am an offender of the Texas Department of Criminal Justice (TDCJ) in which I'm not allowed to earn money;
2. In the last 12 (twelve) months my balance at TDCJ inmate trust fund has been $00.00;
3. I do not recieve any income from: business, profession, rent payments, interests or dividends, pensions, annuities, life insurances, gifts or inheritances, family or friends, S.S.I or welfare;
4. I do not own any savings or checking accounts;
5. I do not own any real estate, stocks, bonus, notes, automobiles, or valuable property;
6. I am single with no dependants;
7. I cannot obtain a loan due to my incarceration status.

Signed this ___ Day of January, 2015.

Charlie Flentroy
Relator Pro Se

Verification Oath

Pursuant to title 6 - Texas Civil Practice And Remedies Code chpt-132, I declare under penalty of perjury that the above and foregoing is true and correct.

Date: February , 2015

Charlie Flentroy

```
CSINIB02/CINIB02      TEXAS DEPARTMENT OF CRIMINAL JUSTICE        02/19/15
EA28/KA00029                  IN-FORMA-PAUPERIS DATA              07:32:33
TDCJ#: 01126349 SID#: 06004852 LOCATION: EASTHAM        INDIGENT DTE: 04/09/12
NAME: FLENTEROY,CHARLES                      BEGINNING PERIOD:
PREVIOUS TDCJ NUMBERS:
CURRENT BAL:          0.00 TOT HOLD AMT:         40.68 3MTH TOT DEP:
6MTH DEP:                   6MTH AVG BAL:              6MTH AVG DEP:
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS


PROCESS DATE    HOLD AMOUNT      HOLD DESCRIPTION
                                 ------------------------------
                                 NO BANKING ACTIVITY
                                 WITHIN THE PAST 6
                                 MONTH PERIOD.
                                 ------------------------------

STATE OF TEXAS COUNTY OF Houston
ON THIS THE 19th DAY OF February 2015, I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
```

Kelly Prator
Notary Public, State of Texas
My Commission Expires
09/29/2015

Notary Without Bond

Cause Number _____

In The
Court of Criminal Appeals of Texas

Charlie Flentroy

vs.

Third Court of Appeals

On Petition For A Writ Of Mandamus

Charlie Flentroy #1126349
Eastham Unit-T.D.C.J
2665 Prison Road #1
Lovelady Texas 75851

# TEXAS COURT OF CRIMINAL APPEALS

## No.

## THIRD DISTRICT COURT OF APPEALS — AUSTIN

## No. 03-15-00047-CV

---

# PETITION FOR WRIT OF MANDAMUS

---

IN RE CHARLIE FLENTROY — RELATOR

TO:
THIRD DISTRICT COURT OF APPEALS

---

403rd JUDICIAL DISTRICT COURT, TRAVIS CO.

CHARLIE FLENTROY V. STATE OF TEXAS
CAUSE No. 3013464

# LIST OF PARTIES

CHARLIE FLENTROY,
    RELATOR

2665 PRISON Rd.# 1
LOVELADY TEXAS
       75851

THIRD, COURT OF APPEALS
    RESPONDENT

P.O. BOX 12547
AUSTIN TEXAS 78711

BRENDA KENNEDY

TRAVIS COUNTY COURTHOUSE
JUDGE 403rd DISTRICT
COURT
P.O. BOX 1748
AUSTIN TEXAS 78767

ROSEMARY LEHMBERG

TRAVIS COUNTY COURTHOUSE
DISTRICT ATTORNEY
P.O. BOX 1748
AUSTIN TEXAS 78767

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES ———————————————————— i

TABLE OF CONTENTS ———————————————————— ii

INDEX OF AUTHORITIES ———————————————————— iii

STATEMENT OF THE CASE ———————————————————— 1

STATEMENT OF JURISDICTION ———————————————————— 1

ISSUES PRESENTED ———————————————————— 1

STATEMENT OF FACTS ———————————————————— 1-2

ARGUMENT(S) ———————————————————— 2-3

RELIEF ———————————————————— 3

VERIFICATION ———————————————————— 4

CERTIFICATE OF SERVICE ———————————————————— 4

## INDEX OF APPENDICE(S)

APPENDIX A : CHARGING INDICTMENT

APPENDIX B : WRIT OF MANDAMUS IN THIRD DISTRIST COURT OF APPEALS

APPENDIX C : THIRD DISTRICT COURT OF APPEALS

# Index of Authorities

CASES                                                              PAGE

Buntion v. Hamon, 827 S.W.2d. 945, 947, n.2 (Tex.
Crim. App. 1992)                                                    3

In re Piper, 105 S.W.3d. 107, 109 (Tex. App. - Waco
2003)                                                             2-3

Jacolos v. State, 692 S.W.2d. 724, 725 (Tex. Crim.
App. 1985)                                                         3

Lanford v. Fourteenth Court of Appeals, 847
S.W.2d. 581, 586 (Tex. Crim. App. 1993)                           2

State ex rel. Rosenthal v. Poe, 98 S.W.3d. 194
197-199 (Tex. Crim. App. 2003) (Orig. Proceeding)                 3


STATUTES

Texas Constitution Article 5 § 5                                   1
Texas Constitution Art. 5 § 12                                    2
Texas Code of Criminal Procedures Art. 27.08 § 4(4)              2
Texas Code of Criminal Procedures Art. 27.09 § 1(1)             2

iii

## STATEMENT OF THE CASE

THIS IS AN ORIGINAL PROCEEDING SEEKING MANDAMUS AGAINST RESPONDENT THIRD DISTRICT COURT OF APPEALS WHOM DENIED TO GRANT THE ~~RELATOR~~ WRIT OF MANDAMUS IN WHICH RELATOR SEEKED MANDAMUS TO COMPEL THE HONORABLE JUDGE OF THE 403rd JUDICIAL DISTRICT COURT OF TRAVIS COUNTY TEXAS CITY OF AUSTIN TO PERFORM AN MINISTERIAL DUTY TO CORRECT IT'S JUDICIAL USUAPATION OF POWER IN CRIMINAL ACTION NUMBER 3013664.

## STATEMENT OF JURISDICTION

THIS COURT HAS JURISDICTION TO ENTERTAIN THIS ORIGINAL MANDAMUS PROCEEDING PURSUANT TO ARTICLE V § 5 OF THE TEXAS CONSTITUTION OVER IT'S CRIMINAL LAW SUBJECT MATTER.

THEREFORE THIS CASE IS PROPERLY FILED IN THIS COURT.

## ISSUE(S) PRESENTED

ISSUE NUMBER ONE (1) — RESPONDENT THIRD DISTRICT COURT OF APPEALS IS ABUSING IT'S DISCRETION BY DENYING THE RELATORS WRIT OF MANDAMUS TO COMPEL THE HONORABLE JUDGE OF THE 403rd JUDICIAL DISTRICT COURT TO PERFORM AN MINISTERIAL DUTY IT INITIALLY REFUSED / FAILED TO DO IN CRIMINAL ACTION NUMBER 3013664.

## STATEMENT OF FACTS

THE DISTRICT CLERK OF TRAVIS COUNTY TEXAS FILED STAMPED THE CRIMINAL INDICTMENT ACTION NUMBER 3013664 2002 FEB: 19th P.M. 4:14 (SIC). ON IT'S FACE THE GRAND JURY PRESENTMENT WAS TO THE 147th JUDICIAL DISTRICT COURT OF TRAVIS COUNTY STATE OF TEXAS. SEE EXHIBIT A. THE 403rd JUDICIAL DISTRICT COURT OF TRAVIS COUNTY STATE OF TEXAS ADJUDICATED AND RENDERED

1.

THE JUDGEMENT AND SENTENCE OF THE RELATOR ON JULY 18th, 2002 WHEN IT LACKED JURISDICTION OVER INDICTMENT CRIMINAL ACTION NUMBER 3013664 AND SO THE 403rd JUDICIAL DISTRICT COURT ACTED WITHOUT ANY AUTHORITY TO DO SO.

THE RELATOR PETITIONED FOR A WRIT OF MANDAMUS IN THE THIRD DISTRICT COURT OF APPEALS TO COMPEL THE INFERIOR COURT TO CORRECT IT'S ILLEGAL ACT UNDER THE TEXAS CONSTITUTION AND THE RESPONDENT DENIED TO DO SO. SEE EXHIBIT B AND C .

## ARGUMENT

### ISSUE NUMBER ONE

RESPONDENT HAS CLEARLY ABUSED IT'S DISCRETION BY DENYING TO GRANT THE RELATORS WRIT OF MANDAMUS PROPERLY FILED BEFORE IT. INCORPORATED IN EXHIBIT B .

To ESTABLISH THAT THIRD DISTRICT COURT OF APPEALS ABUSED IT'S DISCRETION BY DENYING TO GRANT THE WRIT OF MANDAMUS TO COMPEL THE 403rd JUDICIAL DISTRICT COURT TO PERFORM AN MINISTERIAL DUTY, RELATOR SEEKING MANDAMUS MUST SHOW THAT THE III RESPONDENT:

1). THAT UNDER THE RELEVANT LAW AND FACTS THE COURT OF APPEALS CLEARLY ABUSED IT'S DISCRETION WHEN IT DENIED THE WRIT; AND

2). THERE IS NO OTHER ADEQUATE LEGAL REMEDY. SEE LANFORD v. FOURTEENTH COURT OF APPEALS, 847 S.W. 2d. 581, 586 (TEX.CRIM. APP. 1993)

A WRIT OF MANDAMUS SEEKING TO COMPEL THE 403rd JUDICIAL DISTRICT COURT TO PERFORM AN MINISTERIAL DUTY PRESENTED TO THE RESPONDENT BY THE RELATOR WHEREBY THE LAW—TEXAS CONSTITUTION ARTICLE 5 § 12 AND TEXAS CODE OF CRIMINAL PROCEDURES ART. 27.08 § 4(4) AND ART. 27.09 § 1(1) SHOW THAT THE RELATOR HAS 'A CLEAR LEGAL RIGHT TO THE RELIEF SOUGHT' AND IS BY NO DOUBT A NON-DISCRETIONARY ACT AND AS A MATTER OF PRECEDENT, IT NECESSARLY FOLLOWS THAT THE COURT OF APPEALS CLEARLY ABUSED IT'S DISCRETION WHEN IT DENIED THE RELATOR MANDAMUS RELIEF. SEE LANFORD, SUPRA, AT 586 AND n.5; IN RE PIPER, 105 S.W.3d.

2.

107,109 (TEX.APP. — WACO 2003). THE MERITS ARE BEYOND DISPUTE' WITH 'NOTHING LEFT TO THE EXERCISE OF DISCRETION OR JUDGEMENT'. SEE STATE EX REL ROSENTHAL V. POE, 98 S.W.3d. 194, 197-199 (TEX.CRIM.APP. 2003) ( ORIG. PROCEEDING) THUS, RELATOR MEETS THE REQUIREMENTS OF THE FIRST PRONG.

UNDER THESE CIRCUMSTANCES THE RELATOR ONLY OPTION IS TO SEEK A WRIT OF MANDAMUS IN THIS COURT OVERTURN- ING THE COURT OF APPEALS DECISION. BECAUSE THE WRIT OF MANDAMUS IS AN EXTRAORDINARY REMEDY THERE IS NO REMEDY AT ALL VIA PETITION FOR DISCRETIONARY REVIEW OR ANY OTHER MANNER FROM THE ADVERSE RULING BY THE RESPONDENT. SEE JACOBS V. STATE, 692 S.W. 2d. 724, 725 (TEX. CRIM. APP. 1985). RELATOR MEETS THE SECOND PRONG.

## Summary

THE RESPONDENT CLEARLY ABUSED IT'S DISCRETION WHEN IT DENIED TO GRANT THE RELATOR A WRIT OF MANDAMUS ABSENT A PROPER BASIS WHEN THE FACTS, EXHIBIT B-A, AND THE LAW, TEXAS CONSTITUTION AND TEXAS CODE OF CRIMINAL PROCEDURE, SUPRA, APPLIED TO THE RELATOR CIRCUM- STANCE DICTATE BUT ONE RATIONAL DECISION TO MAKE COMPELLED ON THE RESPONDENT AS AN MINISTERIAL DUTY AND THE RESPONDENT DENIED TO ACT ACCORDINGLY THUS ABUSING IT'S DISCRETION. SEE BUNTION V. HARMON 827 S.W.2d. 945 947 n.2 (TEX.CRIM.APP. 1992).

## Prayer

WHEREFORE PREMISES CONSIDERED THE RELATOR REQUEST THIS COURT TO RESCIND THE ORDER DENYING TO ISSUE THE RELATOR WRIT OF MANDAMUS THE RESPONDENT MADE OR GRANT THIS MANDAMUS.

CHARLIE FLENTROY
RELATOR

3.

## Verification

Pursuant to Title 6 - Tex. Civ. Prac. & Rem. Code Chapter 132. I declare under penalty of perjury that the above and foregoing is true and correct.

Signed this 12 day of February 2015.

## Certificate of Service

I hereby certify that on this 17 day of February 2015 and original and true copy of the foregoing petition for writ of mandamus was forwarded by United States mail postage prepaid first class to the Third District Court of Appeals, Brenda Kennedy Presiding Judge 403rd District Court, and Rosemary Lehmberg District Attorney of Travis County Texas.

Relator
Charlie Flentroy #1126349
Eastham Unit
2665 Prison Rd. #1
Lovelady Texas 75851

4.

STATE OF TEXAS
COUNTY OF HOUSTON

## AFFIDAVIT OF SWORN COPY

I, CHARLIE FLENTROY DECLARE THAT I AM OVER TWENTY-ONE (21) YEARS OF AGE, OF SOUND MIND CAPABLE OF MAKING THIS AFFIDAVIT AND PERSONALLY ACQUAINTED WITH THE FOLLOWING FACTS:

I, DECLARE THAT ALL THE ATTACHED HANDWRITTEN PLEADINGS ARE TRUE AND CORRECT COPIES OF WHAT I MAILED TO THE TRIAL COURT JUDGE, DISTRICT ATTORNEY, AND THE RESPONDENT.

THEREFORE PURSUANT TO RULE 52.3 (K)(1)(A) TEXAS RULES OF APPELLATE PROCEDURE I AM SUBMITTING THIS AFFIDAVIT ATTESTING THAT THE ATTACHED PLEADINGS THAT I WROTE UP ARE "SWORN COPIES" OF THE ORIGINALS.

SIGNED THIS 12 DAY OF FEBRUARY 20 15.

SIGNED: _____

## VERIFICATION OATHS

PURSUANT TO TITLE 6 TEX. CIV. PRAC. & REM. CODE CHPT. 132 I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE AND FOREGOING IS TRUE AND CORRECT.

DATE: FEBRUARY 12th, 2015

SIGNED: _____
CHARLIE FLENTROY #1126349
EASTHAM UNIT
2665 PRISON RD. #1
LOVELADY, TX 75851

5.

# EXHIBIT

---

# APPENDIX

# A

## CHARGING INDICTMENT

EXH. A/APP. A-1

In the District Court of Travis
County 147th Judicial District

THE STATE OF TEXAS
    VS.

Charlie Flentroy

Criminal Action No 3013664

---

## BILL OF INDICTMENT

---

DA# 3-01-3664/PID# 614262/MNI# 966879
(3-02-0274) Count I: Aggravated Robbery
Texas Penal Code § 29.03    (1st Degree Felony) Bail: $40,000
(3-01-3664) Count II: Unauthorized Use Of A Vehicle
Texas Penal Code § 31.07    (State Jail Felony) Bail: $20,000
Total Bail: $60,000

---

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:
### [Count I: Robbery]

THE GRAND JURY OF THE COUNTY OF TRAVIS STATE OF TEXAS, DULY SELECTED, IMPANELED, SWORN, CHARGED, AND ORGANIZED AT THE JANUARY TERM, A.D., 2002, OF THE 147th JUDICIAL DISTRICT COURT OF SAID COUNTY IN SAID COURT AT SAID TERM, UPON THEIR OATHS, DO PRESENT THAT ON OR ABOUT THE TWENTY-NINTH DAY OF NOVEMBER, A.D., 2001, AND ANTERIOR TO THE PRESENTMENT OF THIS INDICTMENT, IN THE COUNTY OF TRAVIS AND STATE OF TEXAS

### CHARLIE FLENTROY

THE DEFENDANT HEREIN DID IN THE COURSE OF COMMITTING THEFT AND WITH INTENT TO OBTAIN AND MAINTAIN CONTROL OF THE PROPERTY INTENTIONALLY AND KNOWINGLY THREATEN AND PLACE ANOTHER PERSON NAMELY MONA MAHDY IN FEAR OF IMMINENT BODILY INJURY AND DEATH AND THE DEFENDANT USED AND EXHIBITED A DEADLY WEAPON TO WIT: A SCREWDRIVER.

### [Count II: Unauthorized Use Of A Vehicle]

THE GRAND JURY FURTHER PRESENT THAT ON OR ABOUT THE TWENTY-NINTH DAY OF NOVEMBER A.D. 2001 AND ANTERIOR TO THE PRESENTMENT OF THIS INDICTMENT IN THE COUNTY OF TRAVIS AND STATE OF

### (PAGE 2 OF INDICTMENT)

TEXAS THE DEFENDANT CHARLIE FLENTROY DID INTENTIONALLY AND KNOWINGLY OPERATE ANOTHER'S MOTOR-PROPELLED VEHICLE TO WIT: A 1991 HONDA PRELUDE WITHOUT THE EFFECTIVE CONSENT OF THE OWNER MONA MAHDY, AGAINST THE PEACE AND DIGNITY OF THE STATE.

FOREPERSON OF THE GRAND JURY

EXH.A/APP.A-1 pg

# EXHIBIT

## APPENDIX
## B

WRIT OF MANDAMUS
THIRD DISTRICT COURT OF APPEALS

EXH.B/APP.B-1

Cause Number 3013664

IN THE

Third Court Of Appeals — At Austin

Charlie Flentroy
vs
403rd Judicial District Court

On Petition For A Writ Of Mandamus

Charlie Flentroy
Eastham Unit
2665 Prison Road #1
Lovelady Texas 75851

EXH.B/APP.B - 1 pg

THIRD COURT OF APPEALS — AUSTIN
NO.

IN RE CHARLIE FLENTROY — RELATOR

---

# PETITION FOR WRIT OF MANDAMUS

---

To:
403rd JUDICIAL DISTRICT COURT
OF TRAVIS COUNTY TEXAS
DISTRICT JUDGE

CHARLIE FLENTROY v. STATE OF TEXAS
CAUSE No. 3013664

EXH.B/APP.B-2pg

## IDENTITY OF PARTIES AND COUNSEL

CHARLIE FLENTROY
RELATOR PRO SE

EASTHAM UNIT-TDCJ
2665 PRISON RD. #1
LOVELADY TX 75851


JUDGE ROXANNE DAVENPORT
RESPONDENT

403rd JUDICIAL DISTRICT
COURT
CRIM. JUSTICE CENTER
509 W. 11th St. STE.
6.240
P.O. BOX 1748
AUSTIN TEXAS 78767


DISTRICT ATTORNEY

TRAVIS COUNTY COURTHOUSE
P.O. BOX 1748
AUSTIN TEXAS 78767

i.

EXH.B/APP.B - 3pg

# TABLE OF CONTENT

IDENTITIES OF PARTIES AND COUNSEL     i

TABLE OF CONTENTS     ii

INDEX OF AUTHORITIES     iii

STATEMENT OF THE CASE     1

STATEMENT OF JURISDICTION     1

ISSUE(S) PRESENTED     2

STATEMENT OF FACTS     2

ARGUMENT     2-4

RELIEF     4

VERIFICATION     5

CERTIFICATE OF SERVICES     5

## INDEX TO THE APPENDIX

APPENDICE A: CHARGING INDICTMENT

# Index Of Authorities

| CASE(S) | PAGE(S) |
|---|---|
| Cock v. State, 902 S.W.2d. 471, 475 (Tex. Crim. App. 1995) | 2 |
| Dikeman v. Snell, 490 S.W.2d. 183 (Tex. 1973) | 4 |
| Ex Parte Seidal, 39 S.W.3d. 221 224 (Tex. Crim. App. 2001) | 3 |
| Ex Parte Tuan Van Truong, 770 S.W.2d. 810, 814 (Tex. Crim. App. 1989) | 3 |
| Fontenot v. State, 932 S.W.2d. 185, 190 (Tex. App.— Ft. Worth 1996) | 3 |
| In Re Maxwell, 970 S.W.2d. 70, 71 (Tex. App.— Hou. [14th Dist.] 1998) | 4 |
| In Re Piper, 105 S.W.3d. 107, 109 (Tex. App.— Waco 2003) | 4 |
| In Re Rubio, 55 S.W.3d. 238, 241 (Tex. App.— Corpus Christi 2001) | 3 |
| In Re Salazar, 148 S.W.3d. 412, 414 (Tex. App.— El Paso 2004) | 4 |
| Johnson v. 4th Court of Appeals, 700 S.W.2d. 916, 917 (Tex. 1985) | 4 |
| Jones v. State, 42 S.W.3d. 145, 146-147 (Tex. App.— Amarillo 2000) | 3 |
| Landon v. State, 222 S.W.3d. 75, 78 (Tex. App.— Tyler 2006) | 2 |
| Manuel v. Spector, 712 S.W.2d. 219, 221 (Tex. App.— San Antonio 1986) | 4 |
| Nix v. State, 65 S.W.3d. 664, 667-68 (Tex. Crim. App. 2001) | 2-3 |
| Padilla v. McDaniel, 122 S.W.3d. 805, 808 (Tex. Crim. App. 2003) | 1 |
| Rodriguez v. State, 42 S.W.3d. 181, 185 (Tex. App.— Corpus Christi 2001) | 3 |
| Urdish v. 127th Judicial District Court, 708 S.W.2d. 429 430 (Tex. 1986) | 4 |
| Walker v. Packer, 827 S.W.2d. 833, 840 (Tex. 1992) | 4 |

## Statutes

| | |
|---|---|
| Texas Government Code Section 22.221 (a)(b)(1) | 1 |
| Tex. Gov't Code § 22.201 | 1 |
| Texas Constitution Article 1 § 10 | 2 |
| Texas Constitution Article 5 § 12 (b) | 2;5 |

STATUTE(S) (CON.)

| | PAGE(S) |
|---|---|
| TEXAS CODE OF CRIMINAL PROCEDURE | |
| ARTICLE 27.08 § 4(4) | 2 |
| TEX. CODE OF CRIM. PROC. ART. 27.09 § 1(1) | 2 |
| UNITED STATES CONSTITUTIONAL AMENDMENT 14 | 2,3 |

iv

## Statement of the Case

THIS IS AN ORIGINAL PROCEEDING SEEKING MANDAMUS AGAINST RESPONDENT HONORABE JUDGE ROXANNE DAVENPORT WHO PRESIDES IN THE 403rd JUDICIAL DISTRICT COURT OF TRAVIS COUNTY TEXAS CITY OF AUSTIN IN WHICH RELATOR SEEKS MANDAMUS TO COMPEL RESPONDENT TO PERFORM AN MINISTERIAL DUTY TO CORRECT AN JUDICIAL USURPATION OF POWER RENDERED IN CAUSE CRIMINAL ACTION NUMBER 3013664 IN WHICH A GRAND JURY MADE THE PRESENTMENT OF THE INDICTMENT TO THE 14Th JUDICIAL DISTRICT COURT OF TRAVIS COUNTY TEXAS CITY OF AUSTIN.

## Statement of Jurisdiction

JURISDICTION IS INVOKED PURSUANT TO THIS COURT'S "WRIT POWER" § 22.221 (a)(b)(1) TEXAS GOVERNMENT CODE.

THIS COURT HAS JURISDICTION OVER DISTRICT COURT JUDGES OF TRAVIS COUNTY TEXAS PURSUANT TO § 22.201 TEX. GOV. CODE.

THIS MANDAMUS CANNOT BE FIRST FILED IN THE COURT OF CRIMINAL APPEALS AS SAID COURT ISSUED A DECISION HOLDING THAT IF THE COURT OF APPEALS AND COURT OF CRIMINAL APPEALS HAVE CONCURRENT ORIGINAL JURISDICTION OVER INMATES PETITION FOR A WRIT OF MANDAMUS ABSENT COMPELLING REASONS PETITION SHOULD HAVE FIRST BEEN PRESENTED TO COURT OF APPEALS. SEE PADILLA V. McDANIEL, 122 S.W.3d. 805, 808 (TEX. CRIM. APP. 2003).

THEREFORE THIS CASE IS PROPERLY FILED IN THIS COURT.

### Page 1

## Issue Presented

ISSUE NO. 1 — RESPONDENT PRESIDING OVER THE 403rd JUDICIAL DISTRICT COURT HAS AN MINISTERIAL DUTY TO DISMISS THE CASE WHEN IT HAS NO JURISDICTION WHICH THE TRIAL COURT FAILED TO DO.

## Statement of Facts

THE DISTRICT CLERK OF TRAVIS COUNTY TEXAS FILED STAMPED THE CRIMINAL INDICTMENT ACTION NUMBER 3013664 2002 FEB: 19th PM 4:14 (sic). ON IT'S FACE THE GRAND JURY PRESENTMENT WAS TO THE 14ITh JUDICIAL DISTRICT COURT OF TRAVIS COUNTY STATE OF TEXAS. SEE EXHIBIT __A__.

ON JULY 15th, 2002 CHARLIE FLENTROY RELATOR ENTERED A PLEA OF NOT GUILTY TO BOTH COUNTS CHARGED IN CRIMINAL ACTION

NUMBER 3013664 INDICTMENT IN THE 403rd JUDICIAL DISTRICT COURT. ON JULY 18th 2002 AN PETIT JURY AT TRIAL IN THE 403rd DISTRICT COURT RENDERED THE RELATOR ACQUITTED OF AGGRAVATED ROBBERRY GUILTY OF ROBBERY As AN LESSER INCLUDED OFFENSE IN COUNT ONE (1); AND GUILTY OF UNAUTHORIZED USE OF A VEHICLE IN COUNT TWO (2) AND SENTENCED TO TWENTY (20) AND TWO (2) YEARS RESPECTIVELY IMPRISONMENT TO BE SERVED CONCURRENTLY.

## ARGUMENT
## ISSUE NUMBER ONE

THE 403rd DISTRICT COURT HAD LACKED JURISDICTION OVER CRIMINAL ACTION NUMBER 3013664 TO RENDER THE CONVICTION AND SENTENCE. TEXAS CONSTITUTION ARTICLE 1 § 10; ARTICLE 5 § 12 (b); TEX. CODE CRIM. PROC. ART. 27.08 § 4 (4) AND ART. 27.09 § 1 (1). AN JURISDICTIONAL DEFECT CAN BE RAISED AT ANY TIME. NIX v. STATE, 65 S.W.3d. 664, 667-68 (TEX. CRIM. APP. 2001); LANDON v. STATE, 222 S.W.3d. 75, 78.

AN INDICTMENT SERVES TWO FUNCTIONS. ONE IT PROVIDES NOTICE OF THE OFFENSE IN ORDER TO ALLOW A DEFENDANT TO PREPARE A DEFENSE. TWO AN INDICTMENT SERVES AN JURISDICTIONAL FUNCTION. THE FILING OF AN INDICTMENT IN THE APPROPRIATE COURT VEST IT WITH JURISDICTION TO DETERMINE THE CONTROVERSY. COOK v. STATE, 902 S.W.2d. 471, 475 (TEX. CRIM. APP. 1995); T.C.C.P. ART. 27.08 § 4 (4) AND ART. 27.09 § 1 (1). TEX. CONST., SUPRA. UNITED STATES 14th CONSTITUTIONAL AMENDMENT AFFORDS RELATOR THE SAME RIGHT AS THE TEXAS

PAGE 2

CONSTITUTION SUPRA.

THESE CONSTITUTIONAL AND STATUTORY PROVISIONS ARE CONVEYORS FOR COURTS TO ACQUIRE JURISDICTION OVER THE PENDING CONTROVERSY. "JURISDICTION" IS THE POWER OF THE COURT OVER THE SUBJECT MATTER OF THE CASE. WITHOUT JURISDICTION OVER A MATTER ANY ACTION IN THE MATTER IS VOID AND A NULLITY. SEE NIX v. STATE AT 668 SUPRA; JONES v. STATE, 42 S.W. 3d. 145; 146-147 (TEX. APP. — AMARILLO 2000); RODRIGUEZ v. STATE, 42 S.W.3d 181, 185 (TEX. APP. — CORPUS CHRISTI 2001); IN RE RUBIO, 55 S.W.3d. 238, 241 (TEX. APP. — CORPUS CHRISTI 2001).

THE FACE OF THE CHARGING INDICTMENT SHOWS THE GRAND JURY PRESENTMENT TO THE 147th JUDICIAL DISTRICT COURT. SEE APPENDIX A. BY LAW THE 147th JUDICIAL DISTRICT COURT IS THE ONLY TRIAL COURT WITH JURISDICTION TO RENDER ANY ACTION. THE RELATOR HAS NEVER

Exh. B/App. B - 8 pg

BEEN AFFORDED ANY DUE COURSE OF LAW IN THE 147th DISTRICT COURT THE APPROPRIATE COURT WHO HAD ACQUIRED JURISDICTION. U.S. CONST. AMDT. 14, SUPRA; TEX. CONST. ART. 5 §12(b). THE 403rd DISTRICT COURT NEVER ACQUIRED JURISDICTION TO INVEST AN CONVICTION AND SENTENCE IN CRIMINAL ACTION No. 8013664. EVEN THE RELATOR PRESENCE DOES NOT CONFER JURISDICTION UPON ANY OTHER TRIAL COURT. IN RE RUBIO, SUPRA, AT 241. BECAUSE THE 403rd DISTRICT COURT HAD NO LEGAL AUTHORITY TO DO ANYTHING OTHERTHAN DISMISS THE CASE THUS THE JUDGEMENT RENDERED IS VOID AND A NULLITY. SEE FONTENOT V. STATE, 932 S.W.2d. 185,190 (Ft. Worth - TEX. APP. 1996); EX PARTE TUAN VAN TRUONG, 770 S.W.2d. 810,814 (TEX. CRIM. APP. 1989) (WITHOUT JURISDICTION A TRIBUNAL HAS NO AUTHORITY TO ACT AT ALL AND IT'S PREPORTED ACTS ARE THEREFORE VOID).

## SUMMARY

THE 403rd DISTRICT COURT COMMITTED AN ILLEGAL ACT BY RENDERING AN CONVICTION AND SENTENCE ON THE INDICTMENT CRIMINAL ACTION No. 8013664 THAT THE GRAND JURY MADE AN PRESENTMENT TO THE 147th DISTRICT COURT. THE LACK OF JURISDICTION TO ACT OVER THE CASE DEEMS ITS ACTIONS VOID FOR IT'S ILLEGALITY. SEE EX PARTE SEIDAL, 39 S.W.3d. 221,224 (TEX. CRIM. APP. 2001).

AN ORDER IS VOID WHEN A COURT HAS NO POWER OR JURISDICTION TO RENDER IT. A WRIT OF MANDAMUS WILL .... LIE TO CORRECT ONE (AN ORDER WHICH THE

## PAGE 3

TRIAL JUDGE HAD NO POWER TO RENDER. URBISH V. 127th JUDICIAL DISTRICT COURT, 708 S.W.2d. 429,430 (TEX. 1986). THE AVAILABILITY OF OTHER REMEDIES DOES NOT PREVENT THE ISSUANCE OF THE WRIT TO SET ASIDE A VOID ORDER OF A TRIAL COURT. SEE DIKEMAN V. SNELL, 490 S.W.2d. 183 (TEX. 1973). HOWEVER APPEAL COURTS AND THE TEXAS SUPREME COURT HAS HELD THAT THE WRIT OF MANDAMUS WILL ISSUE WHEN: 1). THERE IS NO OTHER ADEQUATE REMEDY BY LAW AND 2). THE RELATOR HAS AN CLEAR RIGHT TO RELIEF. SEE WALKER V. PACKER, 827 S.W.2d. 833,840 (TEX. 1992); IN RE MAXWELL, 970 S.W.2d. 70,71 (TEX. APP. — HOU. [14th DIST.] 1998); IN RE PIPER, 105 S.W.3d. 107,109 (TEX. APP. — WACO 2003); MANUEL V. SPECTOR, 712 S.W.2d. 219,221 (TEX. APP. — SAN ANTONIO 1986).

A NORMAL APPEAL TO RECTIFY THE 403rd DISTRICT COURT FAILURE TO PERFORM AN MINISTERIAL ACT IS ~~An~~ NOT AVAILABLE TO THE RELATOR NOR IS AN COLLATERAL ATTACK AVAILABLE OR ADEQUATE. NOTWITH-STANDING THAT AN JURISDICTIONAL DEFECT CAN BE ATTACKED AT ANY TIME, NIX V. STATE, 65 S.W.3d. SUPRA, AT 668. THIS IS AN SITUATION INVOLVING

AN MANIFEST AND URGENT NECESSITY TO BE CORRECTED. In Re Salazar, 142 S.W.3d. 412, 414 (Tex. App.—El Paso 2004). The writ may issue!

IT CANNOT BE DISPUTED THAT BECAUSE OF THE LACK OF JURISDICTION THE 403rd DISTRICT COURT JUDGE MINISTERIAL DUTY WAS TO MAKE ONLY ONE DECISION AND IT FAILED TO PERFORM IT AND CHOSE TO REACH A DECISION SO ARBITRARY AND UNREASONABLE AS TO AMOUNT TO A CLEAR PREJUDICIAL ERROR OF LAW. Johnson v. 4th COURT OF APPEALS, 700 S.W.2d. 916, 917 (TEX. 1985). So THE RELATOR HAS A CLEAR RIGHT TO MANDAMUS.

## PRAYER

WHEREFORE PREMISES CONSIDERED THE RELATOR REQUEST THE THIRD COURT OF APPEALS ISSUE MANDAMUS TO:

1). COMPEL THE 403rd DISTRICT COURT JUDGE TO PERFORM IT'S MINISTERIAL DUTY CLEARLY DEFINED BY LAW.

CHARLIE FLENTROY
RELATOR

EXH. B/APP. B-20 pg

# EXHIBIT

---

# APPENDIX
# C

## THIRD DISTRICT
## COURT OF APPEALS
## MEMORANDUM OPINION

EXH.C/APP.C - 1pg

TEXAS COURT OF APPEALS THIRD DISTRICT AT AUSTIN

No. 03-15-00047-CV

IN RE CHARLIE FLENTROY

---

ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

MEMORANDUM OPINION

RELATOR'S PETITION FOR WRIT OF MANDAMUS IS DENIED. SEE TEX. R.
APP. P. 52.8(a).

---

JEFF ROSE, CHIEF JUSTICE

BEFORE CHIEF JUSTICE ROSE, JUSTICES GOODWIN AND FIELD

FILED: JANUARY 23, 2015

EXH. C/APP. C - 1pg

57,861

Cause Number _____

_____

In The
Court of Criminal Appeals of Texas

_____

Charlie Flentroy

vs.

Third Court of Appeals

_____

On Petition For A Writ of Mandamus

_____

Charlie Flentroy #1126349
Eastham Unit - T.D.C.J
2665 Prison Road #1
Lovelady Texas 75851

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 23 2015

Abel Acosta, Clerk

RECEIVED
FEB 2 3 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

# TEXAS COURT OF CRIMINAL APPEALS

## No.

# THIRD DISTRICT COURT OF APPEALS — AUSTIN

## No. 03-15-00047-CV

---

# PETITION FOR WRIT OF MANDAMUS

---

## IN RE CHARLIE FLENTROY — RELATOR

### TO:
## THIRD DISTRICT COURT OF APPEALS

---

403rd JUDICIAL DISTRICT COURT, TRAVIS CO.

CHARLIE FLENTROY V. STATE OF TEXAS
CAUSE NO. 3013664

## LIST OF PARTIES

CHARLIE FLENTROY,
    RELATOR

2665 PRISON Rd. # 1
LONELADY TEXAS
75851

THIRD, COURT OF APPEALS
    RESPONDENT

P.O. Box 12547
AUSTIN TEXAS 78711

BRENDA KENNEDY

TRAVIS COUNTY COURTHOUSE
JUDGE 403rd DISTRICT
COURT
P.O. Box 1748
AUSTIN TEXAS 78767

ROSEMARY LEHMBERG

TRAVIS COUNTY COURTHOUSE
DISTRICT ATTORNEY
P.O. Box 1748
AUSTIN TEXAS 78767

i

# Table of Contents

Identity of Parties _____ i

Table of Contents _____ ii

Index of Authorities _____ iii

Statement of the Case _____ 1

Statement of Jurisdiction _____ 1

Issues Presented _____ 1

Statement of Facts _____ 1-2

Argument(s) _____ 2-3

Relief _____ 3

Verification _____ 4

Certificate of Service _____ 4

## Index of Appendice(s)

Appendix A : Chargeing Indictment

Appendix B : Writ of Mandamus in Third District Court of Appeals

Appendix C : Third District Court of Appeals

# INDEX OF AUTHORITIES

**CASES**                                                                    PAGE

BUNTION v. HAMON, 827 S.W.2d. 945, 947, n.2 (TEX.
CRIM. APP. 1992)                                                               3

IN RE PIPER, 105 S.W.3d. 107, 109 (TEX. APP. — WACO
2003)                                                                         2-3

JACOLOS v. STATE, 692 S.W.2d. 724, 725 (TEX. CRIM.
APP. 1985)                                                                     3

LANFORD v. FOURTEENTH COURT OF APPEALS, 847
S.W.2d. 581, 586 (TEX. CRIM. APP. 1993)                                        2

STATE EX REL. ROSENTHAL v. POE, 98 S.W.3d. 194
197-199 (TEX. CRIM. APP. 2003) (ORIG. PROCEEDING)                              3


**STATUTES**

TEXAS CONSTITUTION ARTICLE 5 § 5                                               1
TEXAS CONSTITUTION ART. 5 § 12                                                 2
TEXAS CODE OF CRIMINAL PROCEDURES ART. 27.08 § 4(4)                            2
TEXAS CODE OF CRIMINAL PROCEDURES ART. 27.09 § 1(1)                            2

iii

## STATEMENT OF THE CASE

THIS IS AN ORIGINAL PROCEEDING SEEKING MANDAMUS AGAINST RESPONDENT THIRD DISTRICT COURT OF APPEALS WHOM DENIED TO GRANT THE ~~RELATOR~~ WRIT OF MANDAMUS IN WHICH RELATOR SEEKED MANDAMUS TO COMPEL THE HONORABLE JUDGE OF THE 403rd JUDICIAL DISTRICT COURT OF TRAVIS COUNTY TEXAS CITY OF AUSTIN TO PERFORM AN MINISTERIAL DUTY TO CORRECT IT'S JUDICIAL USURPATION OF POWER IN CRIMINAL ACTION NUMBER 3013664.

## STATEMENT OF JURISDICTION

THIS COURT HAS JURISDICTION TO ENTERTAIN THIS ORIGINAL MANDAMUS PROCEEDING PURSUANT TO ARTICLE II § 5 OF THE TEXAS CONSTITUTION OVER IT'S CRIMINAL LAW SUBJECT MATTER.

THEREFORE THIS CASE IS PROPERLY FILED IN THIS COURT.

## ISSUE(S) PRESENTED

ISSUE NUMBER ONE (1) — RESPONDENT THIRD DISTRICT COURT OF APPEALS IS ABUSING IT'S DISCRETION BY DENYING THE RELATORS WRIT OF MANDAMUS TO COMPEL THE HONORABLE JUDGE OF THE 403rd JUDICIAL DISTRICT COURT TO PERFORM AN MINISTERIAL DUTY IT INITIALLY REFUSED/FAILED TO DO IN CRIMINAL ACTION NUMBER 3013664.

## STATEMENT OF FACTS

THE DISTRICT CLERK OF TRAVIS COUNTY TEXAS FILED STAMPED THE CRIMINAL INDICTMENT ACTION NUMBER 3013664 2002 FEB: 19th P.M. 4:14 (SIC). ON IT'S FACE THE GRAND JURY PRESENTMENT WAS TO THE 147th JUDICIAL DISTRICT COURT OF TRAVIS COUNTY STATE OF TEXAS. SEE EXHIBIT ___. THE 403rd JUDICIAL DISTRICT COURT OF TRAVIS COUNTY STATE OF TEXAS ADJUDICATED AND RENDERED

1.

THE JUDGEMENT AND SENTENCE OF THE RELATOR ON JULY 18th 2002 WHEN IT LACKED JURISDICTION OVER INDICTMENT CRIMINAL ACTION NUMBER 3013664 AND SO THE 403rd JUDICIAL DISTRICT COURT ACTED WITHOUT ANY AUTHORITY TO DO SO.

THE RELATOR PETITIONED FOR A WRIT OF MANDAMUS IN THE THIRD DISTRICT COURT OF APPEALS TO COMPEL THE INTERIOR COURT TO CORRECT IT'S ILLEGAL ACT UNDER THE TEXAS CONSTITUTION AND THE RESPONDENT DENIED TO DO SO. SEE EXHIBIT B AND C.

## ARGUMENT

### ISSUE NUMBER ONE

RESPONDENT HAS CLEARLY ABUSED IT'S DISCRETION BY DENYING TO GRANT THE RELATORS WRIT OF MANDAMUS PROPERLY FILED BEFORE IT. INCORPORATED IN EXHIBIT B.

To ESTABLISH THAT THIRD DISTRICT COURT OF APPEALS ABUSED IT'S DISCRETION BY DENYING TO GRANT THE WRIT OF MANDAMUS TO COMPEL THE 403rd JUDICIAL DISTRICT COURT TO PERFORM AN MINISTERIAL DUTY, RELATOR SEEKING MANDAMUS MUST SHOW THAT THE RESPONDENT:

1). THAT UNDER THE RELEVANT LAW AND FACTS THE COURT OF APPEALS CLEARLY ABUSED IT'S DISCRETION WHEN IT DENIED THE WRIT AND

2). THERE IS NO OTHER ADEQUATE LEGAL REMEDY SEE LANFORD V. FOURTEENTH COURT OF APPEALS, 847 S.W. 2d 581, 586 (TEX. CRIM. APP. 1993)

A WRIT OF MANDAMUS SEEKING TO COMPEL THE 403rd JUDICIAL DISTRICT COURT TO PERFORM AN MINISTERIAL DUTY PRESENTED TO THE RESPONDENT BY THE RELATOR WHEREBY THE LAW-TEXAS CONSTITUTION ARTICLE 5 § 12 AND TEXAS CODE OF CRIMINAL PROCEDURES ART. 27.08 § 4(4) AND ART. 27.09 § 1(1) SHOW THAT THE RELATOR HAS 'A CLEAR LEGAL RIGHT TO THE RELIEF SOUGHT' AND IS BY NO DOUBT A NON-DISCRETIONARY ACT AND AS A MATTER OF PRECEDENT, IT NECESSARLY FOLLOWS THAT THE COURT OF APPEALS CLEARLY ABUSED IT'S DISCRETION WHEN IT DENIED THE RELATOR MANDAMUS RELIEF. SEE LANFORD SUPRA AT 586 AND n.5 IN Re PIPER 105 S.W.3d.

2.

107.109 (TEX.APP. — WACO 2005). THE MERITS ARE BEYOND DISPUTE' WITH 'NOTHING LEFT TO THE EXERCISE OF DISCRETION OR JUDGEMENT'. SEE STATE EX REL ROSENTHAL V. POE, 98 S.W.3d. 194, 197-199 (TEX.CRIM.APP. 2003) ( ORIG. PROCEEDING) THUS, RELATOR MEETS THE REQUIREMENTS OF THE FIRST PRONG.

UNDER THESE CIRCUMSTANCES THE RELATOR ONLY OPTION IS TO SEEK A WRIT OF MANDAMUS IN THIS COURT OVERTURNING THE COURT OF APPEALS DECISION. BECAUSE THE WRIT OF MANDAMUS IS AN EXTRAORDINARY REMEDY THERE IS NO REMEDY AT ALL VIA PETITION FOR DISCRETIONARY REVIEW OR ANY OTHER MANNER FROM THE ADVERSE RULING BY THE RESPONDENT. SEE JACOBS V. STATE, 692 S.W. 2d. 734, 735 (TEX. CRIM. APP. 1985). RELATOR MEETS THE SECOND PRONG.

## SUMMARY

THE RESPONDENT CLEARLY ABUSED IT'S DISCRETION WHEN IT DENIED TO GRANT THE RELATOR A WRIT OF MANDAMUS ABSENT A PROPER BASIS WHEN THE FACTS, EXHIBIT A, AND THE LAW, TEXAS CONSTITUTION AND TEXAS CODE OF CRIMINAL PROCEDURE, SUPRA, APPLIED TO THE RELATOR CIRCUM- STANCE DICTATE BUT ONE RATIONAL DECISION TO MAKE COMPELLED ON THE RESPONDENT AS AN MINISTERIAL DUTY AND THE RESPONDENT DENIED TO ACT ACCORDINGLY THUS ABUSING IT'S DISCRETION. SEE BUNTION V. HAMON, 827 S.W. 2d. 945 947 n.2 (TEX.CRIM.APP. 1992).

## PRAYER

WHEREFORE PREMISED CONSIDERED THE RELATOR REQUEST THIS COURT TO RESCIND THIS ORDER DENYING TO ISSUE THE RELATOR WRIT OF MANDAMUS THE RESPONDENT MADE OR GRANT THIS MANDAMUS.

CHARLIE FLENTROY
RELATOR

3.

## VERIFICATION

PURSUANT TO TITLE 6 - TEX. CIV. PRAC. & REM. CODE CHAPTER 132. I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE AND FOREGOING IS TRUE AND CORRECT.

SIGNED THIS 12 DAY OF FEBRUARY 2015.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS 27 DAY OF FEBRUARY 2015 AN ORIGINAL AND TRUE COPY OF THE FOREGOING PETITION FOR WRIT OF MANDAMUS WAS FORWARDED BY UNITED STATES MAIL POSTAGE PREPAID FIRST CLASS TO THE THIRD DISTRICT COURT OF APPEALS, BRENDA KENNEDY PRESIDING JUDGE 403rd DISTRICT COURT, AND ROSEMARY LEHMBERG DISTRICT ATTORNEY OF TRAVIS COUNTY TEXAS.

RELATOR
CHARLIE FLENTROY #1126349
EASTHAM UNIT
2665 PRISON Rd. #1
LOVELADY TEXAS 75851

4.

STATE OF TEXAS
COUNTY OF HOUSTON

## AFFIDAVIT OF SWORN COPY

I, CHARLIE FLEATTROY DECLARE THAT I AM OVER TWENTY-ONE (21) YEARS OF AGE, OF SOUND MIND CAPABLE OF MAKING THIS AFFIDAVIT AND PERSONALLY ACQUAINTED WITH THE FOLLOWING FACTS:

I, DECLARE THAT ALL THE ATTACHED HANDWRITTEN PLEADINGS ARE TRUE AND CORRECT COPIES OF WHAT I MAILED TO THE TRIAL COURT JUDGE, DISTRICT ATTORNEY, AND THE RESPONDENT.

THEREFORE PURSUANT TO RULE 52.3(K)(1)(A) TEXAS RULES OF APPELLATE PROCEDURE I AM SUBMITTING THIS AFFIDAVIT ATTESTING THAT THE ATTACHED PLEADINGS THAT I WROTE UP ARE "SWORN COPIES" OF THE ORIGINALS.

SIGNED THIS 12 DAY OF FEBRUARY 20 15.

SIGNED: _____

## VERIFICATION OATH

PURSUANT TO TITLE 6 TEX. CIV. PROC. "REM. CODE CHPT. 132 I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE AND FOREGOING IS TRUE AND CORRECT.

DATE: FEBRUARY 12th 2015          SIGNED: _____
                                  CHARLIE FLEATTROY 1122349
                                  EASTHAM UNIT
                                  2665 PRISON RD. 1
                                  LOVELADY, TX 75851

5.

# EXHIBIT

# APPENDIX

# A

# CHARGING INDICTMENT

EXH.A/APP.A-1

In the District Court of Travis
County 147th Judicial District

The State of Texas
vs.
Charlie Flentroy

Criminal Action No 3013664

BILL OF INDICTMENT

DA# 3-01-3664/PID# 614262/MNI# 966879
(3-02-0274) Count I: Aggravated Robbery
Texas Penal Code § 29.03    (1st Degree Felony) Bail: $40,000
(3-01-3664) Count II: Unauthorized Use Of A Vehicle
Texas Penal Code § 31.07    (State Jail Felony) Bail: $20,000
Total Bail: $60,000

In the name and by Authority of the State of Texas:

[Count I: Robbery]

The Grand Jury of the County of Travis State of Texas, duly selected, impaneled, sworn, charged, and organized at the January Term, A.D., 2002, of the 147th Judicial District Court of said County in said Court at said term, upon their oaths, do present that on or about the twenty-ninth day of November, A.D. 2001, and anterior to the presentment of this indictment, in the County of Travis and State of Texas

Charlie Flentroy

The defendant herein did in the course of committing theft and with intent to obtain and maintain control of the property intentionally and knowingly threaten and place another person namely Mona Mahdy in fear of imminent bodily injury and death and the defendant used and exhibited a deadly weapon to wit: a screwdriver

[Count II: Unauthorized Use Of A Vehicle]

The Grand Jury further present that on or about the twenty-ninth day of November A.D. 2001 and anterior to the presentment of this indictment in the County of Travis and State of

(Page 2 of Indictment)

Texas the defendant Charlie Flentroy did intentionally and knowingly operate another's motor-propelled vehicle to wit: a 1991 Honda Prelude without the effective consent of the owner Mona Mahdy, against the peace and dignity of the state.

FOREPERSON OF THE GRAND JURY

Exh. A/App. A- 1 pg

# EXHIBIT

# APPENDIX
# B

Writ of Mandamus
Third District Court of Appeals

Exh. B/App. B-1

Cause Number 3013664

## In The
## Third Court Of Appeals — At Austin

Charlie Flentroy
vs
403rd Judicial District Court

## On Petition For A Writ Of Mandamus

Charlie Flentroy
Eastham Unit
2665 Prison Road #1
Lovelady Texas 75851

EXH.B/APP.B-1py

THIRD COURT OF APPEALS — AUSTIN
NO.

IN RE CHARLIE FLENTROY — RELATOR

---

# PETITION FOR WRIT OF MANDAMUS

---

To:
408rd JUDICIAL DISTRICT COURT
OF TRAVIS COUNTY TEXAS
DISTRICT JUDGE

CHARLIE FLENTROY v. STATE OF TEXAS
CAUSE No. 3013664

## IDENTITY OF PARTIES AND COUNSEL

CHARLIE FLENTROY
RELATOR PRO SE

EASTHAM UNIT-TDCJ
2665 PRISON RD. #1
LOVELADY TX 75851


JUDGE ROXANNE DAVENPORT
RESPONDENT

463rd JUDICIAL DISTRICT
COURT
CRIM. JUSTICE CENTER
509 W. 11th ST. STE.
6-240
P.O. BOX 1748
AUSTIN TEXAS 78767


DISTRICT ATTORNEY

TRAVIS COUNTY COURTHOUSE
P.O. BOX 1748
AUSTIN TEXAS 78767

i

EXH.B/APP.B - 3pg

# TABLE OF CONTENT

IDENTITIES OF PARTIES AND COUNSEL .......... i

TABLE OF CONTENTS .......... ii

INDEX OF AUTHORITIES .......... iii

STATEMENT OF THE CASE .......... 1

STATEMENT OF JURISDICTION .......... 1

ISSUE(S) PRESENTED .......... 2

STATEMENT OF FACTS .......... 2

ARGUMENT .......... 2-4

RELIEF .......... 4

VERIFICATION .......... 5

CERTIFICATE OF SERVICES .......... 5

## INDEX TO THE APPENDIX

APPENDICE A: CHARGING INDICTMENT

# INDEX OF AUTHORITIES

CASE(s)                                                                    PAGE(s)

Cook v. State, 902 S.W. 2d. 471, 475 (Tex. Crim.
App. 1995)                                                                    2

Dikeman v. Snell, 490 S.W. 2d. 183 (Tex. 1973)                                4

Ex Parte Seidal, 39 S.W. 3d. 221, 224
(Tex. Crim. App. 2001)                                                        3

Ex Parte Tuan Van Truong, 770 S.W. 2d. 810, 814
(Tex. Crim. App. 1989)                                                        3

Fonnenot v. State, 932 S.W. 2d. 185, 190 (Tex. App. —
Ft. Worth 1996)                                                               3

In Re Maxwell, 970 S.W. 2d. 70, 71 (Tex. App. — Hou.
[14th Dist.] 1998)                                                            4

In Re Piper, 105 S.W. 3d. 107, 109 (Tex. App. — Waco
2003)                                                                         4

In Re Audio, 55 S.W. 3d. 338, 341 (Tex. App. — Corpus
Christi 2001)                                                                 3

In Re Salazar, 142 S.W. 3d. 412, 414 (Tex. App. — El Paso
2004)                                                                         4

Johnson v. 4th Court of Appeals, 700 S.W. 2d. 916, 917
(Tex. 1985)                                                                   4

Jones v. State, 42 S.W. 3d. 145, 146 - 147 (Tex. App. —
Amarillo 2000)                                                                3

Landson v. State, 222 S.W. 3d. 75, 78 (Tex. App. — Tyler
2006)                                                                         2

Manual v. Spector, 712 S.W. 2d. 219, 221 (Tex. App. —
San Antonio 1986)                                                             4

Nix v. State, 65 S.W. 3d. 664, 667 - 68 (Tex. Crim. App. 2001)             2 - 3

Padilla v. McDaniel, 122 S.W. 3d. 805, 808 (Tex. Crim.
App. 2003)                                                                    1

Rodriguez v. State, 42 S.W. 3d. 181, 185 (Tex. App. — Corpus
Christi 2001)                                                                 3

Urdish v. 127th Judicial District Court, 708 S.W. 2d. 429,
430 (Tex. 1986)                                                               4

Walker v. Packer, 827 S.W. 2d. 833, 840 (Tex. 1992)                          4


STATUTES

Texas Government Code Section 22.221 (a)(b)(1)                                1
Tex. Gov't Code § 22.201                                                      1
Texas Constitution Article 1 § 10                                            2
Texas Constitution Article 5 § 12 (b)                                       2; 5

STATUTE(S) (CON.)                                    PAGE(S)

TEXAS CODE OF CRIMINAL PROCEDURE
ARTICLE 27.08 § 4(4)                                    2

TEX. CODE OF CRIM. PROC. ART. 27.09 § 1(1)              2

UNITED STATES CONSTITUTIONAL AMENDMENT 14            2, 3

## Statement of the Case

This is an original proceeding seeking mandamus against Respondent Honorable Judge Roxanne Davenport who presides in the 403rd Judicial District Court of Travis County Texas City of Austin in which Relator seeks mandamus to compel Respondent to perform an ministerial duty to correct an judicial usurpation of power rendered in cause criminal action number 3013404 in which a Grand Jury made the presentment of the indictment to the 147th Judicial District Court of Travis County Texas City of Austin.

## Statement of Jurisdiction

Jurisdiction is invoked pursuant to this court's "writ power" § 22.221 (a)(b)(1) Texas Government Code.

This court has jurisdiction over district court judges of Travis County Texas pursuant to § 22.201 Tex. Gov. Code.

This mandamus cannot be first filed in the court of Criminal Appeals as said court issued a decision holding that if the Court of Appeals and Court of Criminal Appeals have concurrent original jurisdiction over inmates petition for a writ of mandamus absent compelling reasons petition should have first been presented to Court of Appeals. See Padilla v. McDaniel, 122 S.W.3d. 805, 808 (Tex. Crim. App. 2003).

Therefore this case is properly filed in this court.

## Page 1

## Issue Presented

ISSUE NO. 1 — Respondent presiding over the 403rd Judicial District Court has an ministerial duty to dismiss the case when it has no jurisdiction which the trial court failed to do.

## Statement of Facts

The District Clerk of Travis County Texas filed stamped the criminal indictment action number 3013404 2002 Feb: 19th PM 4:14 (sic). On it's face the Grand Jury presentment was to the 147th Judicial District Court of Travis County State of Texas. See Exhibit A.

On July 15th 2002 Charlie Flentroy Relator entered a plea of not guilty to both counts charged in criminal action

NUMBER 3013664 INDICTMENT IN THE 405st JUDICIAL DISTRICT COURT. ON JULY 18th 2002 AN PETIT JURY AT TRIAL IN THE 405st DISTRICT COURT RENDERED THE RELATOR ACQUITTED OF AGGRAVATED ROBBERY GUILTY OF ROBBERY AS AN LESSER INCLUDED OFFENSE IN COUNT ONE (1); AND GUILTY OF UNAUTHORIZED USE OF A VEHICLE IN COUNT TWO (2) AND SENTENCED TO TWENTY (20) AND TWO (2) YEARS RESPECTIVELY IMPRISONMENT TO BE SERVED CONCURRENTLY.

### ARGUMENT
### ISSUE NUMBER ONE

THE 405st DISTRICT COURT HAD LACKED JURISDICTION OVER CRIMINAL ACTION NUMBER 3013664 TO RENDER THE CONVICTION AND SENTENCE. TEXAS CONSTITUTION ARTICLE 1 §10; ARTICLE 5 §12(b); TEX. CODE CRIM. PROC. ART. 27.09 § 4(4) AND ART. 37.09 § 1(4). AN JURISDICTIONAL DEFECT CAN BE RAISED AT ANY TIME. NIX v. STATE, 65 S.W. 3d. 664, 667-68 (TEX. CRIM. APP. 2001); LANDON v. STATE, 222 S.W. 3d. 75, 79.

AN INDICTMENT SERVES TWO FUNCTIONS. ONE IT PROVIDES NOTICE OF THE OFFENSE IN ORDER TO ALLOW A DEFENDANT TO PREPARE A DEFENSE. TWO AN INDICTMENT SERVES AN JURISDICTIONAL FUNCTION. THE FILING OF AN INDICTMENT IN THE APPROPRIATE COURT VEST IT WITH JURISDICTION TO DETERMINE THE CONTROVERSY. COOK v. STATE, 902 S.W. 2d. 471, 475 (TEX. CRIM. APP. 1995); T.C.C.P. ART. 27.09 § 4(4) AND ART. 37.09 § 1(2). TEX. CONST., SUPRA. UNITED STATES 14th CONSTITUTIONAL AMENDMENT AFFORDS RELATOR THE SAME RIGHT AS THE TEXAS

### PAGE 2

CONSTITUTION SUPRA.

THESE CONSTITUTIONAL AND STATUTORY PROVISIONS ARE CONVEYORS FOR COURTS TO ACQUIRE JURISDICTION OVER THE PENDING CONTROVERSY. "JURISDICTION" IS THE POWER OF THE COURT OVER THE SUBJECT MATTER OF THE CASE. WITHOUT JURISDICTION OVER A MATTER ANY ACTION IN THE MATTER IS VOID AND A NULLITY. SEE NIX v. STATE AT 668 SUPRA; JONES v. STATE, 42 S.W. 3d. 145; 146-147 (TEX. APP. — AMARILLO 2000); RODRIGUEZ v. STATE, 42 S.W. 3d 181, 185 (TEX. APP. — CORPUS CHRISTI 2001); IN RE RUBIO, 55 S.W. 3d. 238, 241 (TEX. APP. — CORPUS CHRISTI 2001).

THE FACE OF THE CHARGING INDICTMENT SHOWS THE GRAND JURY PRESENTMENT TO THE 147th JUDICIAL DISTRICT COURT. SEE APPENDIX A. BY LAW THE 147th JUDICIAL DISTRICT COURT IS THE ONLY TRIAL COURT WITH JURISDICTION TO RENDER ANY ACTION. THE RELATOR HAS NEVER

EXH.B/APP.B — 8 pg

BEEN AFFORDED ANY DUE COURSE OF LAW IN THE 147TH DISTRICT COURT THE APPROPRIATE COURT WHO HAD ACQUIRED JURISDICTION. U.S. CONST. AMDT. 14, SUPRA; TEX. CONST. ART. 5 §12(b). THE 403rd DISTRICT COURT NEVER ACQUIRED JURISDICTION TO INVEST AN CONVICTION AND SENTENCE IN CRIMINAL ACTION No. 8013664. EVEN THE RELATOR PRESENCE DOES NOT CONFER JURISDICTION UPON ANY OTHER TRIAL COURT. IN RE RUBIO, SUPRA, AT 241. BECAUSE THE 403rd DISTRICT COURT HAD NO LEGAL AUTHORITY TO DO ANYTHING OTHER THAN DISMISS THE CASE THUS THE JUDGEMENT RENDERED IS VOID AND A NULLITY. SEE FONTENOT V. STATE, 932 S.W.2d. 185,190 (FT. WORTH-TEX. APP. 1996); EX PARTE TUAN VAN TRUONG, 770 S.W.2d. 810,814 (TEX. CRIM. APP. 1989) (WITHOUT JURISDICTION A TRIBUNAL HAS NO AUTHORITY TO ACT AT ALL AND IT'S PERFORMED ACTS ARE THEREFORE VOID).

### Summary

THE 403rd DISTRICT COURT COMMITTED AN ILLEGAL ACT BY RENDERING AN CONVICTION AND SENTENCE ON THE INDICTMENT CRIMINAL ACTION No. 8013664 THAT THE GRAND JURY MADE AN PRESENTMENT TO THE 147TH DISTRICT COURT. THE LACK OF JURISDICTION TO ACT OVER THE CASE DEEMS ITS ACTIONS VOID FOR IT'S ILLEGALITY. SEE EX PARTE SEIDEL, 39 S.W.3d. 221, 224 (TEX. CRIM. APP. 2001).

AN ORDER IS VOID WHEN A COURT HAS NO POWER OR JURISDICTION TO RENDER IT. A WRIT OF MANDAMUS WILL .... LIE TO CORRECT ONE (AN ORDER WHICH THE

Page 3

TRIAL JUDGE HAD NO POWER TO RENDER. URBISH V. 127TH JUDICIAL DISTRICT COURT, 708 S.W.2d. 429,430 (TEX. 1986). THE AVAILABILITY OF OTHER REMEDIES DOES NOT PREVENT THE ISSUANCE OF THE WRIT TO SET ASIDE A VOID ORDER OF A TRIAL COURT. SEE DIKEMAN V. SNELL 490 S.W.2d. 183 (TEX. 1973). HOWEVER APPEAL COURTS AND THE TEXAS SUPREME COURT HAS HELD THAT THE WRIT OF MANDAMUS WILL ISSUE WHEN: 1). THERE IS NO OTHER ADEQUATE REMEDY BY LAW AND 2). THE RELATOR HAS AN CLEAR RIGHT TO RELIEF. SEE WALKER V. PACKER, 827 S.W.2d. 833,840 (TEX. 1992); IN RE MAXWELL, 970 S.W.2d. 10,11 (TEX. APP. — HOU. [14TH DIST.] 1998); IN RE PIPER, 105 S.W.3d. 107,109 (TEX. APP. — WACO 2003); MANUEL V. SPECTOR, 712 S.W.2d. 219,221 (TEX. APP. — SAN ANTONIO 1986).

A NORMAL APPEAL TO RECTIFY THE 403rd DISTRICT COURT FAILURE TO PERFORM AN MINISTERIAL ACT IS AN NOT AVAILABLE TO THE RELATOR NOR IS AN COLLATERAL ATTACK AVAILABLE OR ADEQUATE. NOTWITH-STANDING THAT AN JURISDICTIONAL DEFECT CAN BE ATTACKED AT ANY TIME, NIX V. STATE 65 S.W.3d. SUPRA AT 668. THIS IS AN SITUATION INVOLVING

EXH. B/APP. B — 9 pg

AN MANIFEST AND URGENT NECESSITY TO BE CORRECTED. In Re Salazar, 142 S.W. 3d. 412, 414 (Tex. App. — El Paso 2004). The writ may issue!

IT CANNOT BE DISPUTED THAT BECAUSE OF THE LACK OF JURISDICTION THE 403rd DISTRICT COURT JUDGE MINISTERIAL DUTY WAS TO MAKE ONLY ONE DECISION AND IT FAILED TO PERFORM IT AND CHOSE TO REACH A DECISION SO ARBITRARY AND UNREASONABLE AS TO AMOUNT TO A CLEAR PREJUDICIAL ERROR OF LAW. Johnson v. 4th Court of Appeals, 700 S.W. 2d. 916, 917 (Tex. 1985). So THE RELATOR HAS A CLEAR RIGHT TO MANDAMUS.

<u>PRAYER</u>

WHEREFORE PREMISES CONSIDERED THE RELATOR REQUEST THE THIRD COURT OF APPEALS ISSUE MANDAMUS TO:

1). COMPEL THE 403rd DISTRICT COURT JUDGE TO PERFORM IT'S MINISTERIAL DUTY CLEARLY DEFINED BY LAW.

_____
CHARLIE FLENTROY
RELATOR

# EXHIBIT

---

# APPENDIX C

## THIRD DISTRICT COURT OF APPEALS

## MEMORANDUM OPINION

EXH.C/APP.C - 1pg

Texas Court of Appeals Third District At Austin

No. 03-15-00047-CV

In Re Charlie Flentroy

---

Original Proceeding From Travis County

---

Memorandum Opinion

Relator's Petition for writ of mandamus is denied. See Tex. R. App. P. 52.8(a).

JEFF Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Field

Filed: January 23 2015